UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA BOLANO-BURNS,<br><br>　　Plaintiff,<br><br>v.<br><br>HARRIS & HARRIS, LTD.,<br><br>　　Defendant. | Case No. 1:20-cv-05758 |

## COMPLAINT

**NOW COMES** Plaintiff, LISA BOLANO-BURNS, through undersigned counsel, complaining of Defendant, HARRIS & HARRIS, LTD., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. LISA BOLANO-BURNS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 834 Pheasant Walk Drive, Schaumburg, Illinois 60193.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. HARRIS & HARRIS, LTD. ("Defendant") is a corporation organized and existing under the laws of the state of Illinois.

1

7. Defendant has its principal place of business at 111 West Jackson Boulevard, Suite 400, Chicago, Illinois 60604.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On October 20, 2016, Plaintiff received medical services from Northshore University Health System at a cost of $564.88.

11. Plaintiff's $564.88 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. On August 31, 2017, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.

13. The schedules filed by Plaintiff included Northshore University Health System on Schedules F: Creditors Holding Secured Claims.

14. Accordingly, on September 3, 2017, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent Notice of Chapter 7 Bankruptcy Case by first class mail or electronic transmission to Plaintiff's creditors, including Northshore University Health System.

15. On January 8, 2018, a discharge under 11 U.S.C. § 727 was granted to Plaintiff.

16. On January 10, 2018, the Bankruptcy Noticing Center issued a Certificate of Notice, once again, certifying, under penalty of perjury, that it sent notice of Plaintiff's discharge by first class mail or electronic transmission to Plaintiff's creditors, including Northshore University Health System.

17. Despite Plaintiff's Chapter 7 discharge, Plaintiff's discharged debt was referred for collection.

18. Defendant mailed Plaintiff a letter, dated August 10, 2020 (the "Letter"), which stated:

| | |
|---|---:|
| **Creditor(s):** | NORTHSHORE UNIVERSITY HEALTH SYSTEM |
| **Reference #:** | 43219737 |
| **Amount Due:** | **$564.88** |

## DELINQUENCY NOTIFICATION

Dear LISA BOLANO-BURNS:

Please be advised that your past due account(s) in the total amount of $564.88 has/have been forwarded to our office for collection.

Various payment options are available for your convenience:

| Mail payment in enclosed envelope | Pay online www.payharris.com | Pay by phone 855-959-0203 |
|---|---|---|

**Payment Plan and Other Payment Assistance:**
If you would like to pay the amount due, but anticipate difficulty paying, please contact our office at (855)326-7915 for information regarding payment plans and charity care consideration. You may also inquire about financial assistance with Northshore and obtain free copies of Northshore's financial assistance policy, application, and plain language summary by visiting the Northshore website at www.northshore.org/about-us/billing/financial-assistance or calling Northshore's customer service department at (847) 570-5000. Nothing in this paragraph limits the rights stated in the FEDERAL LAW section of this letter directly below.

**FEDERAL LAW**
This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Additional details may be included on the reverse side of this letter.

19. The Letter's back side stated:

3

## Detail Box

| Patient Account | Creditor Name | Date of Service | Patient Name | Balance |
|---|---|---|---|---|
| 0000735XXXX | Northshore University Health System | 10/20/2016 | Burns, Lisa | $112.95 |
| 0000735XXXX | Northshore University Health System | 10/20/2016 | Burns, Lisa | $169.49 |
| 0000735XXXX | Northshore University Health System | 10/20/2016 | Burns, Lisa | $169.49 |
| 0000735XXXX | Northshore University Health System | 10/20/2016 | Burns, Lisa | $112.95 |

20. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## DAMAGES

21. Courts have long recognized that bankruptcy is intended to "relief the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000) (quoting *Williams v. U.S. Fidelity & Guar. Co.*, 236 U.S. 549, 554-555, 59 L. Ed. 713, 35 S. Ct. 289 (1915)).

22. Defendant's unlawful collection practices deprived Plaintiff of one of her fundamental rights and led Plaintiff to believe her bankruptcy was for naught, causing anxiety and emotional distress.

23. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation of 15 U.S.C. § 1692e**

25. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

4

   (2) The false representation of –

     (A) the character, amount, or legal status of any debt.

   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

26. Defendant's August 10, 2020 letter to Plaintiff asserted that Plaintiff's debt to Northshore University Health System was due and demanded that Plaintiff pay the debt.

27. But at the time of Defendant's August 10, 2020 letter, Plaintiff's debt to Northshore University Health System was not due because that debt had been discharged in Plaintiff's Chapter 7 bankruptcy.

28. It seems clear, then, that Defendant's August 10, 2020 letter misrepresented the legal status of Plaintiff's debt to Northshore University Health System in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

### Violation of 15 U.S.C. § 1692f

29. Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

30. Section 524(a)(2) provides in relevant part that the bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, … or an act, to collect, recover, or offset any such debt as a personal liability of the debtor…" 11 U.S.C. § 524(a)(2).

31. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect debt (Plaintiff's $564.88 balance to Northshore University Health System) not permitted by law - 11 U.S.C. § 524(a)(2).

32. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.       award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.       award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: September 28, 2020                         Respectfully submitted,

                                                      **LISA BOLANO-BURNS**

                                                      By: */s/ Joseph S. Davidson*

                                                      Joseph S. Davidson
                                                      LAW OFFICES OF JOSEPH P. DOYLE LLC
                                                      105 South Roselle Road
                                                      Suite 203
                                                      Schaumburg, Illinois 60193
                                                      +1 847-985-1100
                                                      jdavidson@fightbills.com